## S. L. James, Appellee, v. Illinois Central Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by S. L. James, plaintiff, against the Illinois Central Railroad Company, defendant, to recover the value of a horse killed by a freight train of defendant's. From a judgment for plaintiff for $100, defendant appeals.

PARKER & RICKELMAN, for appellant.

LESTER WRIGHT and BYRON PIPER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 889*—*when instructions on duty of railroad to avoid injuring animal on track are erroneous.* In an action to recover for the death of a horse killed at a point on defendant's railroad track within the corporate limits of a village, where the defendant was under no duty to fence its right of way, and the horse was upon the track in front of a freight engine which was running about twenty-five miles an hour, and an instruction was given that if the jury believed that by the exercise of reasonable care the horse could have been seen by an employee in charge of the train after the horse was on the track, in time to have stopped the train, or to have reduced its speed so as not to have killed the horse,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it was the duty of said employees to have done so, and three other instructions were given which imposed the duty upon the defendant to exercise reasonable care and caution to discover the presence of the horse, *held* that such instructions were erroneous, as the only duty which the defendant owed to the trespassing animal was to refrain from wantonly or wilfully injuring it, and to use reasonable care and diligence to avoid injury to it after it was discovered to be in peril.

2. APPEAL AND ERROR, § 1241*—*when error in instructions cannot be complained of*. A party cannot complain of an error in instructions where the same error is found in the instructions offered by the complaining party.

3. APPEAL AND ERROR, § 1522*—*when omission of word in form of verdict submitted with instructions is not reversible error*. In an action for damages against a railroad for killing a horse, where the court properly instructed the jury as to the form of the verdict, but two forms of verdict were attached to the instructions, one being in the usual form for finding for the plaintiff, and the other was "We the jury find the defendant guilty," *held* that the jury could not have been misled by the patent mistake of inadvertently omitting the word "not," and, as the forms were properly stated to the jury, the mistake was not reversible error.

4. RAILROADS—*when evidence insufficient to show wilfulness or negligence in injuring animal on track*. In an action for damages against a railroad for killing a horse which got upon the track at a point where the defendant was not required to fence its right of way, where the freight train in question was going at the rate of about twenty-five miles an hour, and the evidence as to whether a curve in the track prevented the defendant's engineer and fireman from seeing the horse in time was conflicting, and there was no evidence that the employees on the train saw the horse, save that of the fireman who testified that the horse was struck a few seconds after he saw it, *held* that if the testimony of the fireman was true there was no failure to exercise due care after discovering the horse, or even in discovering it, and that a finding that the employees were guilty of wilfulness or negligence in striking the horse would be against the manifest weight of the evidence.

5. RAILROADS, § 789*—*when duty to use care as to animal trespassing upon tracks arises*. The duty on the part of railroad employees to exercise care as to an animal trespassing upon the tracks arises only after such employees have discovered the animal to be on the track.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.